In the U.S. District Court for the Middle District
of Florida, Tampa Division

Melanie Dixon,
    Plaintiff

v.

Board of Trustees of the City of Lakeland
Police Officers' Retirement System,
    Defendant

Case No: 8:16-cv-170-T-24MAP

**First Amended Complaint and, Alternatively,
Notice of Appeal and Petition for Certiorari**

Plaintiff, Melanie Dixon ("Dixon"), hereby amends and restates the Original Complaint pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), which provides that Plaintiff may amend the Complaint one time without leave of court within 21 days after a responsive pleading or motion is served. A responsive pleading was served on February 1, 2016.

Plaintiff Dixon sues Defendant, Board of Trustees of the City of Lakeland Police Officers' Retirement System (the "Board"), and states as follows:

Common Allegations

1. Plaintiff, Dixon, is an individual resident of the State of Florida.

2. Defendant, the Board, is a Florida municipal police pension board established by the City of Lakeland, Florida, pursuant to Fla. Stat. Ch. 185.

3. Defendant is the administrator of the pension plan that benefits police officers of the Lakeland Police Department.

4. Pursuant to Fla. Stat. § 185.05(4), the Board has the power to defend lawsuits in its own name.

5. This Court has personal jurisdiction over the parties and is an appropriate venue for this action because Polk County, Florida is the location of both the Plaintiff and the Defendant, and the location where all of the alleged acts occurred.

1

6. This Court has jurisdiction over Count 4 because it raises questions of federal law. The Court has jurisdiction over the remaining claims asserted in this case pursuant to supplemental jurisdiction authorized by 42 U.S.C. § 1367.

7. Plaintiff Dixon was employed by the City of Lakeland as a police officer with the Lakeland Police Department.

8. Plaintiff Dixon was disabled in the line-of-duty. She suffers from, among other things, major depressive disorder and post-traumatic stress disorder.

9. In February, 2014, Dixon delivered notice to her chain of command that, for health reasons, she "intended to retire" effective May 2, 2014.

10. Plaintiff Dixon requested and received leave from the Lakeland Police Department beginning on March 14, 2014 for medical purposes to continue treatment of her disability. Her leave request was granted in accordance with the provisions of the federal Family Medical Leave Act ("FMLA").

11. On March 21, 2014, Dixon's physician certified that she was unable to work in any capacity.

12. On March 25, 2014, Dixon was placed on "modified administrative duty" pursuant to a memo from then Interim Chief Larry Giddens. The memo purported to require her to report to work despite being out on approved leave guaranteed by the FMLA.

13. On April 1, 2014, then Interim Chief Larry Giddens modified the order placing Dixon on modified administrative duty. Under his amended order, she was ordered not to return to her duty station until she obtained written approval from a professional practitioner that she was fit for duty.

14. Because of her medical condition, Dixon was not medically fit for duty on April 1, 2014, and has not been medically fit for duty at any time since then.

15. On or about April 8, 2014, Dixon submitted an application for a disability pension to the Board. At the time, she was still "employed", but on approved leave.

16. As of April 8, 2014, when she applied for a disability pension, Dixon was a "member" of the police force as that term is defined in the Code of the City of Lakeland, Florida (the "Lakeland Code"), § 62-51(a).

17. On January 20, 2015, over nine months later, the Board issued an Order denying Dixon a disability pension because they deemed her intended "retirement" to be a "resignation" that rendered her ineligible for benefits because she was, the Board alleged, not a "member" as defined by the Code.

18. Dixon exercised her right to a formal hearing and, on August 7, 2015, the Board issued a final order denying her a disability pension for the same reason. A copy of the final order is attached as Exhibit A.

19. Dixon has been damaged because she was denied her right to receive a disability pension.

20. Dixon is entitled to recover attorneys' fees and costs in this action pursuant to Fla. Stat. 185.05(5).

21. Dixon has retained the undersigned counsel to represent her in this action and has agreed to pay him a reasonable fee for his services.

### Count 1 – Misapplication of the Lakeland Code § 62-51(a) – Membership at Time of Application

22. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

23. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

24. By refusing to classify her as a "member", the Board misapplied Code § 62-51(a), definition of "member" to require that Plaintiff remain employed as of the date of the award of a line of duty disability pension.

25. This application of the Code is incorrect. It only requires that an employee be a member at the time of the application.

26. Because Dixon was a "member" as of the date of application for a disability pension, she was entitled to benefits.

27. Fla. Stat. § 112.66(5) provides for enforcement of Dixon's right to benefits by civil action.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### Count 2 – Misapplication of the Lakeland Code § 62-51(a) – Non-Resignation

28. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

29. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

30. By refusing to classify her as a "member", the Board misapplied Code § 62-51(a), definition of "Member".

31. The Board refused to classify Dixon as a member because, they allege, as set forth in the final order, that she had "resigned".

32. Dixon did not resign. She merely indicated an "intent to retire" as of May 2, 2014. The term "retire" is consistent with someone who is leaving employment because of a disability that prevents her from working. It was not a resignation and she remained a "member".

4

33. Fla. Stat. § 112.66(5) provides for enforcement of Dixon's right to benefits by civil action.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### Count 3 – Misapplication of the Lakeland Code § 62-51(a) – Termination and Timely Application

34. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

35. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

36. By refusing to classify her as a "member", the Board misapplied Code § 62-51(a), definition of "Member".

37. The Board refused to classify Dixon as a member because, they allege, as set forth in the final order, that she had "resigned".

38. Dixon did not resign. In fact, on April 1, 2014, before the date of her intended retirement, she had been ordered not to work until she was medically fit for duty, which was effectively a termination.

39. The Code provides that Members who are terminated due to inability to work for medical reasons are eligible for benefits, even if they apply *after* termination. (Code. § 62-59(a) and (c)). Their status as a "member" is unaffected by termination, provided they apply for a disability benefit within 30 days.

40. Because Dixon was and remained a "Member" pursuant to the Code, and applied for a disability benefit before 30 days after she was ordered not to return to work for medical reasons, she is eligible for disability benefits.

41. Fla. Stat. § 112.66(5) provides for enforcement of Dixon's right to benefits by civil action.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### Count 4 – FMLA Retaliation

42. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

43. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

44. Plaintiff exercised her right to leave guaranteed by the federal Family Medical Leave Act ("FMLA").

45. Plaintiff was subject to an adverse employment action, namely, denial of a disability pension.

46. Defendant's employer was the City of Lakeland. The City of Lakeland is an "employer" within the meaning of the FMLA.

47. The Board is an "employer" within the meaning of the FMLA because it is a body that "acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" within the meaning of 29 U.S.C. 2611(4)(A)(ii)(I)..

48. Plaintiff was denied a disability pension because and in retaliation for exercising her right to leave under the FMLA.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, liquidated damages, an injunction compelling the Board to award her benefits, an

award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### Count 5 – 28 U.S.C. § 1983 – Denial of Procedural Due Process

49. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

50. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

51. Plaintiff has a property interest in her disability pension benefit within the meaning of 14th Amendment to the U.S. Constitution.

52. Defendant was acting under the color of state law when it denied her disability pension benefit.

53. Pursuant to the 14th Amendment to the U.S. Constitution, Defendant may not deprive the Plaintiff of property without due process of law.

54. Defendant was denied her pension without due process of law because the Lakeland Code failed to give her notice that her pension benefit would be denied if she gave notice that she could not return to work prior to receiving benefits

55. In addition, and in the alternative, Defendant was denied her pension without due process of law because the Board delayed a decision on her application until after her FMLA leave ran out and she would have had to report back to work or be fired.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, liquidated damages, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### COUNT 6 – 28 U.S.C. § 1983 – DENIAL OF EQUAL PROTECTION – UNEQUAL TREATMENT OF RETIRING EMPLOYEE

56. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

57. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

58. Defendant was acting under the color of state law when it denied her disability pension benefit.

59. Pursuant to the 14th Amendment to the U.S. Constitution, Defendant cannot deny Plaintiff the equal protection of the laws.

60. 28 U.S.C. § 1983 provides plaintiffs with a cause of action against defendants who, under color of state law, deprive them of Constitutional rights.

61. With respect to eligibility for a disability pension, the Defendant intentionally treats members disabled in the line of duty who are fired differently from members disabled in the line of duty who voluntarily give notice that they can no longer report to work.

62. The Defendant will award line of duty disability benefits to a member who is fired as long as that employee applies for benefits within thirty days of termination and is otherwise eligible.

63. The Defendant will not award line of duty disability benefits to a member, such as Plaintiff, who, in lieu of being fired for being disabled, instead gives advance notice that she can no longer work due to a disability.

64. This unequal treatment would effectively require disabled employees who cannot work, and who have applied for benefits, to be fired for failing to work rather than simply giving notice their employer and leaving their job with dignity and professionalism.

8

65. There is no rational basis for Board to deny benefits to disabled members who retire with dignity and professionalism but award them to disabled members who are fired. Nor does the practice bear a substantial relationship to an important government interest, nor is it necessary to achieve a compelling state interest.

66. There is also no rational basis for the Board to effectively require disabled employees to suffer termination in order to remain eligible for pension benefits. Nor does the practice bear a substantial relationship to an important government interest, nor is it necessary to achieve a compelling state interest.

67. Defendant's practice violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, liquidated damages, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### COUNT 7 – 28 U.S.C. § 1983 – DENIAL OF EQUAL PROTECTION – UNEQUAL TREATMENT OF MEMBERS WITH MENTAL HEALTH DISABILITIES

68. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

69. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

70. Defendant was acting under the color of state law when it denied her disability pension benefit.

71. Pursuant to the 14th Amendment to the U.S. Constitution, Defendant cannot deny Plaintiff the equal protection of the laws.

72. 28 U.S.C. § 1983 provides plaintiffs with a cause of action against defendants who, under color of state law, deprive them of Constitutional rights.

73. Defendant denied Plaintiff a disability pension because it treats members who acquire mental health disabilities in the line of duty differently than members who acquire physical disabilities in the line of duty.

74. There is also no rational basis for the Board to treat members with mental health disabilities differently than members with physical disabilities. Nor does the practice bear a substantial relationship to an important government interest, nor is it necessary to achieve a compelling state interest.

75. Defendant's denial of Plaintiff's pension violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

### Count 8 – 28 U.S.C. § 1983 – Denial of Equal Protection – Intentional Mistreatment

76. This is a cause of action seeking damages in excess of $15,000 and injunctive and declaratory relief.

77. Plaintiff incorporates the allegations of paragraphs 1 through 21, above.

78. Defendant was acting under the color of state law when it denied her disability pension benefit.

79. Pursuant to the 14th Amendment to the U.S. Constitution, Defendant cannot deny Plaintiff the equal protection of the laws.

80. 28 U.S.C. § 1983 provides plaintiffs with a cause of action against defendants who, under color of state law, deprive them of Constitutional rights.

81. The Plaintiff has been intentionally treated differently than others similar situated.

82. There is no rational basis for the difference in treatment.

83. Defendant's denial of Plaintiff's pension violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board declaring her to be entitled to disability benefits, an award of damages together with interest, an injunction compelling the Board to award her benefits, an award of attorneys' fees and costs, and such other relief as the Court may deem appropriate.

## Count 9 – Unlawful Withholding of Public Records

84. This is an action to enforce the provisions of the Florida Public Records Act, Ch. 199, Fla. Stat and Art I. § 24 of the Florida Constitution.

85. Plaintiff incorporates the allegations of paragraphs 1 through 6, above.

86. Plaintiff and her undersigned attorney are entitled to inspect and copy public records pursuant to the provisions of Ch. 119, Fla. Stat. and Art. I § 24 of the Florida Constitution.

87. The Defendant is an "agency" as that term is defined in Fla. Stat. § 119.011(2).

88. On August 5, 2016, the undersigned attorney, acting on behalf of the Plaintiff, submitted a public records request to the City of Lakeland, which is the custodian of public records for the Defendant. The request was submitted through the City of Lakeland's online Public Records Request system. A copy of the request is attached as Exhibit C.

89. The Defendant failed to produce the requested public records, or even to respond to the request.

11

90. On December 4, 2015, the undersigned attorney, acting on behalf of the Plaintiff, submitted a follow-up request directly to then-counsel for the Defendant, Lee Dehner, Esq., seeking substantially the same documents. A copy of the request is attached as Exhibit D.

91. The Defendant failed to produce the requested public records, or even to respond to the request.

92. The requested documents are "public records" as defined in Fla. Stat. § 119.011(12) and Art. 1 § 24(a) of the Florida Constitution.

93. The Public Records Act, Ch. 119 Fla. Stat., required Defendant to make public records available and/or respond to the request within a reasonable amount of time.

94. Defendant failed to make the public records available and failed to respond in a reasonable amount of time in violation of Ch. 119 Fla. Stat., including Fla. Stat. § 119.07.

95. All conditions precedent to this action have occurred.

96. Defendant has retained the undersigned attorney and agreed to pay him a reasonable fee for his services.

WHEREFORE, Plaintiff Melanie Dixon demands judgment against the Board requiring the Board to produce the requested public records, enjoining the Board from withholding public records pursuant to Ch. 119, Fla. Stat., awarding the Plaintiff reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate.

### Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

### NOTICE OF APPEAL/PETITION FOR CERTIORARI

Plaintiff hereby incorporates by reference the Notice of Appeal attached hereto as Exhibit B, which has been filed with the Board of Trustees of the City of Lakeland Police Officers' Retirement System.

The Notice of Appeal is being filed pursuant to Fla. R. App. Pro. 9.190 and 9.110(c), which set forth the procedure for review by appeal of final administrative action for which judicial review is provided for by law. Judicial review is provided for by Fla. Stat. 112.66(5). However, Fla. Stat. 112.66(5) expressly authorizes the filing of a civil action to challenge decisions of the Board, and does not require an appeal. Notwithstanding, there are cases, such as <u>Hampton v. Miami City Employees Ret. Sys.</u>, 528 So. 2d 103, 104 (Fla. Dist. Ct. App. 1988), which assert that it is necessary to file a timely appeal, rather than file an independent lawsuit, in order to preserves a claimant's right to challenge the decision of a police pension board. Therefore, while a notice of appeal is being filed to comply with the requirements of <u>Hampton</u> and the Fla. R. App. Pro., Plaintiff also seeks review of the decision de novo, pursuant to the Counts set forth herein.

In its original Answer [DE 4], the Board asserted that the appropriate remedy for review of its decision is a petition for certiorari. Plaintiff disagrees. Notwithstanding, should the Court determine that a petition for certiorari is the appropriate remedy, Plaintiff requests that this Notice of Appeal and Counts 1, 2, and 3 of this lawsuit be construed as a Petition for Certiorari. Plaintiff further requests that, should it be so construed, that she be given an opportunity to more fully brief the Court on the issues raised.

### CERTIFICATE OF SERVICE

I hereby certify that on ___2/16/2016___, a copy of this document was filed with the CM/ECF system, which will automatically forward a copy to all CM/ECF participants.

_____
J. Kemp Brinson
Fla. Bar No. 752541

13

        The Brinson Firm
        PO Box 582
        Winter Haven, FL 33882
        (863)288-0234
        kbrinson@brinsonfirm.com
        Trial counsel for Melanie Dixon, Plaintiff

BOARD OF TRUSTEES OF THE CITY OF LAKELAND
POLICE OFFICERS' RETIREMENT SYSTEM

IN RE:

MELANIE DIXON,

    Disability Claimant.

_____/

## FINAL FULL HEARING ORDER

The Board of Trustees of the City of Lakeland Police Officers' Retirement System having convened a full hearing on July 27, 2015 to determine the eligibility of claimant, Melanie Dixon, to be considered for a disability pension, and having a quorum does hereby find as follows:

The records, medical and otherwise, and opinions and representations presented to the Board of Trustees and applicable law failed to establish by the greater weight of the evidence that Melanie Dixon is eligible to be considered for a disability pension.

THEREFORE, IT IS ORDERED AND ADJUDGED, pursuant to Section 62-51, Definitions, *Member*, and Section 62-59, Disability (a) and (f), of the City of Lakeland Police Officers' Retirement System, and applicable law that Claimant's request for an in-line of duty disability pension is hereby denied based on the Claimant's resignation as of May 2, 2014.

DONE AND ORDERED in Lakeland, Florida, this 7th day of August, 2015.

_____
Chairman

_____
Secretary

cc:    H. Lee Dehner
        Tonya Oliver

EXHIBIT A

BOARD OF TRUSTEES OF THE CITY OF LAKELAND POLICE
OFFICERS' RETIREMENT SYSTEM

In re: Melanie Dixon,
  Disability Claimant/Appellant

NOTICE OF APPEAL

  NOTICE IS GIVEN that Melanie Dixon, Disability Claimant/Appellant, appeals to the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, the Final Full Hearing order of this tribunal rendered on or after August 7, 2015, a copy of which is attached. The nature of the order is a final order denying Melanie Dixon a disability pension under the City of Lakeland Police Officers' Retirement System.

  This Notice is being filed pursuant to Fla. R. App. Pro. 9.190 and 9.110(c), which set forth the procedure for review by appeal of final administrative action for which judicial review is provided for by law. However, Fla. Stat. 112.66(5), which provides for judicial review, expressly authorizes the filing of an independent lawsuit. Notwithstanding, there are cases, such as <u>Hampton v. Miami City Employees Ret. Sys</u>., 528 So. 2d 103, 104 (Fla. Dist. Ct. App. 1988), which assert that it is necessary to file an appeal, rather than file an independent lawsuit, in order to preserves a claimant's right to challenge the decision of a police pension board.

  Therefore, while this Notice of Appeal is being filed to comply with the requirements of <u>Hampton</u> and the Fla. R. App. Pro., appellant intends to and does not waive her right to file an independent lawsuit seeking review, de novo, of the decision reached in this case.

CERTIFICATE OF SERVICE

  I hereby certify that on September 4, 2015, a copy of this document was served via email on Lee Dehner, counsel for the Board of Trustees of the City of Lakeland Police Officers' Retirement System, via email to lee@cdpension.com and stacey@cdpension.com,

1

EXHIBIT B

and via U.S. Mail to Christiansen and Dehner, P.A., 63 Sarasota Center Blvd Ste 107, Sarasota, FL 34240-9385.

                                                                      J. Kemp Brinson
                                                                      Fla. Bar No. 752541
                                                                      The Brinson Firm
                                                                      PO Box 582
                                                                      Winter Haven, FL 33882
                                                                      (863)288-0234
                                                                      Service: kbrinson@brinsonfirm.com
                                                                      Counsel for Melanie Dixon, Appellant



City Home  >  City of Lakeland  >  Public Records Requests

EXHIBIT C



| Reference No: | W000182-080515 |
|---|---|
| Contact E-Mail: | kbrinson@brinsonfirm.com |

**Thank you for your interest in public records of the City of Lakeland. Your request has been received and is being processed.**

**Your request was received in this office on 8/5/2015 and given the reference number W000182-080515 for tracking purposes.**

**Records Requested: Please provide me with electronic copies of the following documents: 1. Minutes of all Police Officers Retirement Fund Board ("PRB") meetings occurring at any time after 3/19/2014 (the last date for which such minutes are currently available online at your website). In lieu of providing them directly, you may post them online and let me know they are available. 2. Any existing audio recordings and transcripts of the PRB hearing that took place on January 20, 2015 in the matter of Melanie Dixon. 3. Any existing audio recordings and transcripts of the PRB hearing that took place on July 27, 2015 in the matter of Melanie Dixon. 4. The final order in the PRB hearing that took place on July 27, 2015 in the matter of Melanie Dixon, if available. I would like for the documents to be delivered electronically in the most cost-effective way possible. I request that delivery documents immediately available that are responsive to this request not be withheld pending completion of the request, i.e., go ahead and send me what is immediately available. If you have any questions about this request, please email me at kbrinson@brinsonfirm.com.**

**Your request will be forwarded to the relevant City department(s) to locate the information you seek and to determine the volume and any costs associated with satisfying your request. You will be contacted about the availability and/or provided with copies of the records in question.**

**You can monitor the progress of your request under "View My Requests."**

**City of Lakeland**

Subject: Public Records Request
From: Kemp Brinson <kbrinson@brinsonfirm.com>
Date: 12/4/2015 11:50 AM
To: lee@cdpension.com, stacey@cdpension.com
CC: tonya@bichlerlaw.com

This is a Public Records Request.

Please provide me with electronic copies of the following documents:

1. Minutes of all Police Officers Retirement Fund Board ("PRB") meetings occurring at any time after 7/27/15 (the last date for which such minutes are currently available online at the City's website). In lieu of providing them directly, you may post them online and let me know they are available.

2. Any existing audio recordings and transcripts of the PRB hearing that took place on January 20, 2015 in the matter of Melanie Dixon.

3. Any existing audio recordings and transcripts of the PRB hearing that took place on July 27, 2015 in the matter of Melanie Dixon.

I would like for the documents to be delivered electronically in the most cost-effective way possible. I request that delivery documents immediately available that are responsive to this request not be withheld pending completion of the request, i.e., go ahead and send me what is immediately available. If you have any questions about this request, please email me at kbrinson@brinsonfirm.com.

Thanks,
Kemp Brinson


--
J. Kemp Brinson, Attorney at Law
The Brinson Firm
Direct: 863-288-0234
kbrinson@brinsonfirm.com
PO Box 582
Winter Haven, FL 33882

EXHIBIT D